IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHAD E. GUESS
ADC #122028                                                                                    PLAINTIFF

V.                          CASE NO. 5:19-CV-292-KGB-BD

CHARLES RATCLIFF, *et al*.                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections**

This Recommendation has been sent to Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court if they disagree with the findings or conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Discussion**

   A.   Background

Plaintiff Chad E. Guess, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer. (Docket entry #1) He claims that Defendants Ratcliff and Yelverton (Defendants) were deliberately indifferent to his safety by failing to provide him safety goggles while he worked on a construction project

at the Tucker Unit. (#1) Mr. Guess sustained an eye injury on July 2, 2019, when debris entered his eye as he worked. Prison officials transported Mr. Guess to the emergency room after the accident, and an ophthalmologist removed the debris. (#1)

Defendants have now moved for summary judgment, contending that Mr. Guess did not fully exhaust the prison grievance process prior to filing the complaint in this case. (#13) Mr. Guess has responded. (#17)

    B.    Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim that was not fully exhausted prior to the date the lawsuit was filed. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

    C.    Discussion

ADC Administrative Directive 14-16 was in effect when Mr. Guess's claims arose. Under that policy, inmates were required to fully exhaust their administrative

remedies prior to filing a § 1983 lawsuit. (#13-3, at 17-18) The policy requires inmates to file their unit-level form within 15 days of the incident giving rise to the grievance. (*Id*. at 5) It is undisputed that Mr. Guess lodged only one non-medical grievance related to the July 2, 2019 construction accident: TU-19-00702. (#13-1) He signed and filed that grievance on August 13, 2019—42 days after the accident. (#13-2) There is no evidence to indicate that Mr. Guess's delay in filing the grievance beyond the time allowed by the policy was caused by his physical incapacity or by the actions of prison officials.

Predictably, the ADC inmate grievance coordinator rejected grievance TU-19-00702 as untimely. (#13-5) Mr. Guess appealed, but the director agreed that the grievance was untimely filed and denied the appeal. (#13-6) Unfortunately for Mr. Guess, grievance TU-19-00702 was properly rejected as untimely and, therefore, was never fully exhausted. Therefore, the Court must dismiss his claims.

### III.   Conclusion

The Defendants' motion for summary judgment based on failure to exhaust administrative remedies (#13) should be GRANTED and the case DISMISSED, without prejudice.

DATED this 6th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE