# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CHAD E. GUESS**  PLAINTIFF
**ADC #122028**

v.  **Case No. 5:19-cv-00292-KGB**

**CHARLES RATCLIFF and ARCHIE YELVERTON,**  DEFENDANTS
Construction Supervisors, Pine Bluff Unit

## ORDER

Defendants Charles Ratcliff and Archie Yelverton move for summary judgment on the issue of exhaustion in this action (Dkt. No. 13). The Court has before it a Recommended Disposition submitted by United States Magistrate Judge Beth Deere regarding that motion (Dkt. No. 24). Plaintiff Chad E. Guess filed objections to the Recommended Disposition (Dkt. No. 25). The Court also has before it Mr. Guess's motion to amend complaint, second motion for leave to proceed *in forma pauperis*, and motion for status update (Dkt. Nos. 26, 27, 30).

**I.  Background**

Mr. Guess, an Arkansas Department of Correction ("ADC") inmate, filed this *pro se* civil rights lawsuit against Mr. Ratcliff and Mr. Yelverton pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). Mr. Guess claims that Mr. Ratcliff and Mr. Yelverton were deliberately indifferent to his safety by failing to provide him safety goggles while he worked on a construction project at the Tucker Unit (*Id.*, at 4-6). Mr. Guess suffered an eye injury on July 2, 2019, when debris entered his eye as he worked (*Id.*, at 5). Prison officials transported him to the emergency room after the accident, and an ophthalmologist removed the debris (*Id.*, at 5-6).

## II. Recommended Disposition

Judge Deere recommends granting defendants' motion for summary judgment based on failure to exhaust administrative remedies and dismissal of this case without prejudice (Dkt. No. 24, at 3). The Prison Litigation Reform Act ("PLRA") requires courts to dismiss any claim that was not fully exhausted prior to the date the lawsuit was filed (*Id.*, at 2). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). An inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available (Dkt. No. 24, at 2). *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Judge Deere notes that ADC Administrative Directive 14-16 was in effect when Mr. Guess's claims arose, and that policy requires inmates to fully exhaust their administrative remedies prior to filing a § 1983 lawsuit (*Id.*, at 2-3). The policy requires inmates to file their unit-level form within 15 days of the incident giving rise to the grievance (*Id.*, at 3). Mr. Guess lodged one non-medical grievance related to the July 2, 2019, construction accident: grievance TU-19-00702 (Dkt. No. 13-2). He signed and filed that grievance on August 13, 2019—42 days after the accident (*Id.*). No record evidence suggests that Mr. Guess's delay in filing the grievance beyond the time allowed by Administrative Directive 14-16 was caused by his physical incapacity or by the actions of prison officials (Dkt. No. 24, at 3). The ADC inmate grievance coordinator rejected grievance TU-19-00702 as untimely (Dkt. No. 13-5). Mr. Guess appealed that denial, but the

director agreed that the grievance was untimely filed and denied the appeal (Dkt. No. 13-6). Judge Deere concludes that grievance TU-19-00702 was properly rejected as untimely and never fully exhausted and recommends dismissal of Mr. Guess's claims (Dkt. No. 24, at 3).

The Court writes separately to address Mr. Guess's objections (Dkt. No. 25). Mr. Guess argues that his grievance went all the way up to the chief deputy/deputy/assistant director's office, so no matter the outcome or disposition that grievance was exhausted because it went as far as it could go (*Id.*, at 3). Further, Mr. Guess argues that the PLRA's exhaustion requirement has "not typically been read to mean every claim must meet the pertinent [exhaustion] requirement before the 'action' may proceed" (*Id.*, at 2). Mr. Guess also notes that on July 5, 2019—three days after Mr. Guess's injury—every inmate working construction received safety glasses and gloves (*Id.*, at 3). Finally, Mr. Guess asserts that his two supervisors were put on probation for six months after this incident, but that their probation provides no justice or remedy for him (*Id.*, at 3-4).

Mr. Guess's arguments fail to rebut Judge Deere's findings. In *Woodford*, the Supreme Court clarified that prisoners cannot satisfy the PLRA's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 83-84. Mr. Guess's untimely administrative grievance failed to meet the PLRA's exhaustion requirement, and the fact that his appeal went up the chain of command does not transform his unexhausted grievance into an exhausted one. Further, despite Mr. Guess's apparent contention that not every claim need meet the pertinent exhaustion requirement, the PLRA explicitly requires exhaustion of remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson*, 340 F.3d at 627 ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Mr. Guess presents

no argument or case law eliminating this exhaustion requirement or cabining it to only some of his claims. Mr. Guess's remaining arguments do not speak to Judge Deere's grounds for recommending dismissal.

Accordingly, the Court overrules Mr. Guess's objections and adopts Judge Deere's Recommended Disposition as its own findings in all respects (Dkt. No. 24).

### III. Motion To Amend Complaint

On February 11, 2020, Mr. Guess submitted an amended complaint to the Court which the Clerk of the Court construed as a motion to amend (Dkt. No. 26). Defendants oppose this motion (Dkt. No. 29). In their opposition, defendants argue that the Court should deny Mr. Guess's motion to amend complaint for two reasons: (1) Mr. Guess did not seek leave of Court to amend his complaint nor did he confer with counsel for defendants seeking permission to file an amended complaint and (2) amending Mr. Guess's complaint would be futile and cause undue delay (*Id.*, at 2-5).

The Court denies Mr. Guess's motion to amend (Dkt. No. 26). Rule 15(a) of the Federal Rules of Civil Procedure governs a party's right to amend its pleadings. Under Rule 15(a), a party may only amend its pleading once as a matter of course under certain circumstances. For instance, a party can amend its pleading (1) within 21 days after serving it; or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave." Fed. R. Civ. P. 15(a)(2).

Mr. Guess filed his initial complaint in this action on September 12, 2019, and defendants filed their answer on October 21, 2019 (Dkt. Nos. 1, 7). Thus, Mr. Guess's amendment clearly

4

comes more than 21 days after service of a responsive pleading as contemplated by Rule 15(a). Accordingly, Mr. Guess was required to seek either defendants' written consent or leave of the Court to amend his complaint. Fed. R. Civ. P. 15(a)(2). This fact alone could provide grounds for denying Mr. Guess's motion.

The Court does note that Rule 15(a) provides in pertinent part that leave of court to amend a complaint "shall be freely given when justice so requires." *Id.* However, the Court concludes that justice does not require leave to amend here because Mr. Guess's proposed amendments are futile. "[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 783–84 (8th Cir. 2008). "A court may properly deny a motion to amend a pleading if the amendment would be futile." *Trademark Med., LLC v. Birchwood Laboratories, Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). An amendment is futile if, for example, the amended pleading could not withstand a motion to dismiss pursuant to Rule 12. *Id.*

Mr. Guess's proposed amendments are futile and would not save his claim. Mr. Guess attaches documents relating to grievance TU-19-00702—the same grievance at issue in defendants' motion for summary judgment (Dkt. No. 13). This is the same grievance Judge Deere considered in recommending dismissal for failure to exhaust as required by the PLRA (Dkt. No. 24). Mr. Guess's proposed amendments do not change the fact that he failed to exhaust his grievance, and his proposed amended complaint would still be defective.

Accordingly, the Court denies Mr. Guess's motion to amend (Dkt. No. 26).

**IV.    Motion For Leave To Proceed *In Forma Pauperis***

Mr. Guess is already proceeding *in forma pauperis* in this action (Dkt. Nos. 4, 5). Accordingly, the Court denies Mr. Guess's second motion for leave to proceed *in forma pauperis* as moot (Dkt. No. 27).

**V.    Conclusion**

It is therefore ordered that:

1.    The Court adopts the Recommended Disposition as its own findings in all respects and overrules Mr. Guess's objections (Dkt. Nos. 24, 25);

2.    The Court grants defendants' motion for summary judgment (Dkt. No. 13);

3.    The Court denies Mr. Guess's motion to amend (Dkt. No. 26);

4.    The Court denies Mr. Guess's motion for leave to proceed *in forma pauperis* (Dkt. No. 27);

5.    The Court denies as moot Mr. Guess's motion for status update (Dkt. No. 30); and

6.    The Court dismisses Mr. Guess's complaint, denies the requested relief, and dismisses this case without prejudice (Dkt. No. 1).

It is so ordered this 26th day of March, 2020.

Kristine G. Baker
United States District Judge